**In re the MARRIAGE OF Anna M. CODDINGTON and Randall G. Coddington.**

**Anna M. Coddington, Petitioner-Respondent,**

and

**Randall G. Coddington, Respondent-Appellant.**

**No. 12537.**

Missouri Court of Appeals,
Southern District,
Division One.

May 4, 1983.

Jon S. Hutcheson, Houston, for petitioner-respondent.

Scott B. Stinson, Mountain Grove, for respondent-appellant.

**244**

GREENE, Chief Judge.

The trial court's judgment in this dissolution of marriage case decreed, among other things, that the 1961 Chevrolet Corvette automobile, acquired after the marriage and titled in the name of Randall G. Coddington, was marital property and had a value of $7,500. In the judgment, Anna M. Coddington received property and a judgment against Randall totalling approximately $6,400 while he received property equivalent to the value of $6,500.

On appeal, Randall contends that the Corvette should have been declared his separate (non-marital) property which would substantially reduce Anna's judgment since her court-ordered share of the marital property included one-half of the court-found value of the Corvette.

Evidence on the value of the Corvette ranged from $3,500 to $8,000. The evidence was uncontroverted that Randall owned a 1955 Chevrolet at the time of the marriage and that after the marriage he acquired the Corvette through a series of trades, and enhanced its value through expenditure of labor and substantial sums of marital funds for parts. There was evidence from Randall that he sold the 1955 Chevrolet, after the marriage, andused that money to buy a "classic" 1940 Chevrolet coupe, which he subsequently traded for the Corvette.

When, as is the case here, marital and non-marital property is commingled, and then exchanged for new property, the newly acquired asset is marital property, regardless of how it is titled. *Jaeger v. Jaeger,* 547 S.W.2d 207, 211 (Mo.App.1977).

With this in mind, our review, in conformance with Rule 73.01(c), V.A.M.R., as elaborated on in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), indicates that the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. An extended opinion would have no precedential value.

Judgment affirmed in compliance with Rule 84.16(b), V.A.M.R.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.